**This document was signed electronically on June 15, 2015, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: June 15, 2015**



Pat E. Morganstern-Clarren
Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-14888 |
| | ) | |
| CHARLES TIMOTHY MURPHY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morganstern-Clarren |
| | ) | |
| | ) | Adversary Proceeding No. 14-1202 |
| CHARLES TIMOTHY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | <u>AGREED ORDER</u> |
| v. | ) | |
| | ) | |
| U.S. DEPT. OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court upon the Plaintiff's *Complaint to Determine Dischargeability of Debts*, and the answers of the Defendant United States, on behalf of the U.S.

Department of Education, and the Defendant/Intervenor Texas Guaranteed Student Loan Corporation thereto.

BY AGREEMENT between the Plaintiff and the Defendants, it is hereby stipulated as follows:

1.     Pursuant to the authority granted to the U.S. Department of Education ("Education") under the Higher Education Act and its attending regulations, with respect to the loans Education currently holds (which are set forth on the Certificate of Indebtedness attached hereto as Exhibit A), Education agrees to enter into an Alternative Repayment Plan which includes a hardship discharge at the end of the qualifying term. The loans are deemed nondischargeable except to the extent set forth herein.

2.     Within four weeks of the entry of this Agreed Order, Plaintiff shall provide Education with an income report to include supporting documents and other documentation reasonably available to Plaintiff. This documentation shall include (i) a certified statement of Plaintiff's income and/or earnings, prepared and certified by an individual or firm not personally connected to Plaintiff or his law practice; (ii) an IRS "Record of Account" and "Wage and Income Transcript" for the most recent tax year, but if the "Record of Account" is not available, a copy of Plaintiff's most recent Tax Transcripts and Wage and Income Transcripts; and (iii) monthly bank statements, to include all personal, business, and trust accounts, for the year in which Plaintiff is certifying his income. Plaintiff must satisfy the reporting requirements consistent with the frequency outlined under Income Based Repayment program regulations as presently set forth in 34 C.F.R Part 682.221(e).

3.     Following an evaluation of the Plaintiff's income statement, Plaintiff's monthly payment will be calculated pursuant to the terms of the Income Based Repayment program

("IBR") formula, as presently set forth in 34 C.F.R. Part 685.221. Specifically, Plaintiff's monthly payment amount will be calculated based upon Plaintiff's discretionary income, limited to no more than 15 percent of the amount by which Plaintiff's adjusted gross income exceeds 150 percent (150%) of the poverty guideline, applicable to Plaintiff's family size, divided by 12, as set forth in 34 C.F.R. Part 685.221(b).

4.      Each monthly payment must be made no later than the first (1st) day of each month ("Monthly Payment Due Date"), with an allowance of a thirty (30) day grace period for each such monthly payment.

5.      The term of Plaintiff's Alternative Repayment Plan is 25 years or 300 separate qualifying monthly payments not to include periods of deferment or forbearance. If Plaintiff complies with the terms and conditions of this Agreed Order, including, but not limited to, providing requested information, timely making the requisite payments, and not defaulting on said loans after 300 qualifying payments, then any remaining obligation shall be considered an undue hardship and discharged through this bankruptcy proceeding.

6.      Payment default will occur if Education receives any monthly payment in excess of thirty (30) days after its Monthly Payment Due Date. If this occurs, Plaintiff ceases to be eligible for this Alternative Repayment Plan to include discharge after 300 qualifying payments. In the event of Plaintiff's default of any terms of this Agreed Order, including but not limited to failure to provide income documentation, Education will be entitled to recover the original amount of the loans, less any payments Plaintiff has made. All original loan terms will then be reinstated and enforced to include acceleration of default, enhanced collection efforts, administrative wage garnishment, treasury offsets and litigation.

7.     In reviewing Plaintiff's income report, if it is determined that Plaintiff no longer has a Partial Financial Hardship, as set forth in 34 C.F.R. Part 685.221(a)(5), Plaintiff will cease to be eligible for this Alternative Repayment Plan.  A Partial Financial Hardship means:

(a)     For an unmarried borrower or a married borrower who files an individual Federal tax return, the annual amount due on all of the borrower's eligible loans, as calculated under a standard repayment plan based on a 10-year repayment period, using the greater of the amount due at the time the borrower initially entered repayment or at the time the borrower elects the income-based repayment plan, exceeds 15 percent or, for a new borrower, 10 percent of the difference between the borrower's Adjusted Gross Income and 150 percent of the poverty guideline for the borrower's family size; or

(b)     For a married borrower who files a joint Federal tax return with his spouse, the annual amount due on all of the borrower's eligible loans and, if applicable, the spouse's eligible loans, as calculated under a standard repayment plan based on a 10-year repayment period, using the greater of the amount due at the time the loans initially entered repayment or at the time the borrower or spouse elects the income-based repayment plan, exceeds 15 percent or, for a new borrower, 10 percent of the difference between the borrower's and spouse's Adjusted Gross Income, and 150 percent of the poverty guideline for the borrower's family size.

8.     Plaintiff's claims as to the loans held by Defendant Texas Guaranteed Student Loan Corporation shall be dismissed to enable Plaintiff to enter into the Alternative Repayment Plan with Education as to those loans as contemplated herein.  Such Loans are not subject to the undue hardship discharge provisions of this Agreed Order.

9.     This Agreed Order contains all of the agreements between the Parties, and it is intended to be and is the final and sole agreement between the Parties.  The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreed Order, whether written or oral, are of no further legal or equitable force or effect. Education reserves the right to terminate this agreement if the Plaintiff refuses to cooperate in providing income documentation, or if Education cannot reasonable determine or rely upon income statements provided by Plaintiff.  The Bankruptcy Court retains jurisdiction over this matter to the extent this Agreed Order requires amendments or modifications.

- 6 -

10. The entry of this Agreed Order resolves the subject adversary proceeding insofar as it pertains to the U.S. Department of Education and Texas Guaranteed Student Loan Corporation, and the adversary proceeding is dismissed with prejudice.

# # #

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney                          Agreed:

By:

/s/ Suzana K. Koch                              /s/ Wesley A. Johnston
Erin E. Brizius (OH: 0091364)                   Wesley A. Johnston (OH:  0061166)
Suzana K. Koch (OH: 0073743)                    1714 Boardman Poland Road
Assistant United States Attorney                Suite 9
United States Courthouse                        Poland, Ohio  44514
801 West Superior Avenue, Suite 400             330-746-6301
Cleveland, Ohio 44113                           330-743-3559 (facsimile)
216-622-3670                                    wesleyajohnston@gmail.com
216-522-4982 (facsimile)                        Counsel for Plaintiff Charles T. Murphy
Erin.E.Brizius2@usdoj.gov
Suzana.Koch@usdoj.gov
Counsel for Defendant United States of America

Agreed:

/s/ Frederick S. Coombs
Frederick S. Coombs, III (OH: 0008889)
Harrington, Hoppe & Mitchell, Ltd.
26 Market Street, Suite 1200
P.O. Box 6077
Youngstown, Ohio 44501
330-744-1111
330-744-2029 (facsimile)
fcoombs@hhmlaw.com
Counsel for Defendant/Invervenor TGSLC

<u>SERVICE INSTRUCTIONS TO CLERK</u>

Please serve the United States Trustee and the following with copies of the foregoing Agreed Order, by electronic notification or as otherwise indicated:

Frederick S. Coombs, on behalf of Intervenor-Defendant Texas Guaranteed Student Loan Corporation, at fcoombs@hhmlaw.com

Wesley Alton Johnston, on behalf of Plaintiff Charles Timothy Murphy, at wesleyajohnston@gmail.com

Suzana K. Koch, Counsel for Defendant United States of America, at suzana.koch@usdoj.gov, susan.lowe@usdoj.gov

SALLIE MAE
P.O. BOX 9500
WILKES-BARRE, PA 18773-9500
*(Serve via U.S. Mail)*

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Charles T. Murphy
Adversary No: 14-01202
SSN: xxx-xx-5371

I certify that U.S. Department of Education ("ED") records show that the borrower named above is indebted to the United States in the amount stated below as of November 12, 2014.

The borrower executed the following notes on or about:

- 07/11/2011 Federal Direct PLUS Application and Master Promissory Note
- 06/28/2010 Federal Direct Stafford Master Promissory Note

| | 1st Disbursement Date | Amount | Interest Rate | Loan Type |
|---|---|---|---|---|
| 1. | 08/15/12 | $19,442.00 | 7.900 | Direct PLUS Graduate |
| 2. | 08/10/12 | $ 20,500.00 | 6.800 | Direct Stafford |
| 3. | 05/14/12 | $11,603.00 | 7.900 | Direct PLUS Graduate |
| 4. | 08/15/11 | $8,500.00 | 6.800 | Direct Stafford |
| 5. | 08/15/11 | $12,000.00 | 6.800 | Direct Stafford |
| 6. | 08/15/11 | $ 18,696.00 | 7.900 | Direct PLUS Graduate |
| 7. | 08/13/10 | $ 8,500.00 | 6.800 | Direct Stafford |
| 8. | 08/13/10 | $12,000.00 | 6.800 | Direct Stafford |

The Direct loans were made by ED under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685).

The borrower now owes **$ 130,579.55** ($116,880.62 in principal and $13,698.93 in accrued interest) as of 11/12/2014. FedLoan Servicing ("PHEAA") currently services the loans and there have been no payments made.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: **November 24, 2014**

Christian Lee Odom
Loan Analyst
Litigation Support

EXHIBIT A
Agreed Order
Adv. Pro. No. 14-1202